COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

JESUS
ARZAGA,                                                 )                    No. 
08-00-00514-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                 County Court at Law No. 6

                                                                              )

THE STATE OF TEXAS,                                     )                   of El Paso County, Texas

                                                                              )

Appellee.                           )                           (TC# 990C07920)

 

O
P I N I O N

 

Jesus
Arzaga appeals his conviction for the offense of
assault.  A jury found him guilty and
assessed his punishment at a fine of $500 and confinement for 180 days.  We affirm.

FACTUAL SUMMARY








Jorge
Estrada, a deputy sheriff, was dispatched at approximately 12:30 p.m. on June
14, 1999 to a domestic disturbance in San Elizario.  Estrada approached the complaining witness,
Judith Arzaga, who was crying and emotionally
distraught.  Ms. Arzaga
told Estrada that Appellant, her husband, came out of their house and began
yelling obscenities when she arrived with the children.  Frightened, Ms. Arzaga
grabbed her one-year-old son and told the older children to get away.  She then ran towards a neighbor=s home. 
Appellant ran after her and caught her, pushing her down onto the street
even as she held the baby.  Appellant got
on top of her and struck her in the face with his fist.  Estrada arrived at the scene only ten to
fifteen minutes after the assault. 
However, Appellant had left the scene by the time Estrada arrived.  

Veronica
Montes is a neighbor of the Arzagas.  Montes heard a knock at her door and one of
the Arzagas=
children asked her to come outside and help her mother.  Montes went outside and saw Ms. Arzaga running across the street while carrying her young
son.  Appellant caught up to Ms. Arzaga in the street and grabbed her by the hair.  Both Ms. Arzaga and
the baby fell to the ground.  One of
Montes= children
went over and picked up the baby.  At
about the same time, Appellant struck Ms. Arzaga in
the face.  Montes told Appellant to leave
Ms. Arzaga alone and he did.  He then went back across the street to his
car and left.  Ms. Arzaga
went into Montes= home and
telephoned the police.

Ms.
Arzaga, who has since divorced Appellant and moved to
Colorado, did not testify at trial.  The
jury found Appellant guilty of assault as alleged in the information.  

HEARSAY

In Point of Error No. One, Appellant complains that the
trial court erred in admitting the hearsay statements of Ms. Arzaga through Deputy Estrada.  He first argues that the excited utterance
exception relied on by the State does not apply because it failed to establish
the unavailability of Ms. Arzaga.  Appellant also claims the trial court abused
its discretion in finding that Ms. Arzaga=s statements to Deputy Estrada
qualified as an excited utterance.

Standard of Review








The
trial court has broad discretion in determining the admissibility of evidence,
and its ruling will not be reversed on appeal absent a clear abuse of
discretion.  Allridge v. State,
850 S.W.2d 471, 492 (Tex.Crim.App. 1991); Levario v. State, 964 S.W.2d 290, 296 (Tex.App.‑-El Paso 1997, no pet.).  As long as the trial court=s ruling was at least within the zone
of reasonable disagreement, we will not intercede.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex.Crim.App. 1990); Levario, 964 S.W.2d at 297.

Unavailability








In
Ohio v. Roberts, the United States Supreme Court determined that the
introduction of an out‑of‑court statement does not violate the
federal Confrontation Clause if (1) the declarant is Aunavailable@
for cross-examination at trial and (2) the statement bears an adequate indicia
of reliability to maintain the integrity of the fact finding process and
thereby to maintain the integrity of the verdict.  See Ohio v. Roberts, 448 U.S. 56, 65‑66,
100 S.Ct. 2531, 65 L.Ed.2d 597
(1980).  In subsequent decisions,
however, the Supreme Court rejected the proposition that Roberts
established a rule that Ano
out-of-court statement would be admissible without a showing of unavailability.@ 
See White v. Illinois, 502 U.S. 346, 353-54, 112 S.Ct. 736, 741, 116 L.Ed.2d 848 (1992); United States v.
Inadi, 475 U.S. 387, 392, 106 S.Ct.
1121, 1124, 89 L.Ed.2d 390 (1986).  In
fact, the Supreme Court limited Roberts to its facts, holding that an
unavailability analysis is necessary under the Confrontation Clause only
when the challenged out‑of‑court statement was made in the course
of a prior judicial proceeding.  Inadi, 475 U.S. at 394, 106 S.Ct.
at 1125.  It confirmed this limitation in
White v. Illinois, 502 U.S. at 354, 112 S.Ct. at 741. 
Despite this express limitation of Roberts, Texas courts have
continued to read an unavailability requirement into an analysis of claimed
Confrontation Clause violations even when the out-of-court statement was not
made in a prior judicial proceeding.  See
e.g., Salazar v. State, 38 S.W.3d 141, 155 (Tex.Crim.App.
2001)(holding that there was no confrontation clause violation arising from
admission of excited utterance since victim was unavailable and the exception
is firmly rooted, thereby providing adequate indicia of reliability); Penry v. State, 903 S.W.2d 715, 751 (Tex.Crim.App. 1995)(same). 
We adhere instead to the Supreme Court=s
interpretation of Roberts. 
Because the excited utterances at issue here were not made in a prior
judicial proceeding, the State was not obligated to prove the unavailability of
Ms. Arzaga.  See
White, 502 U.S. at 355-56, 112 S.Ct. at 742-43
(refusing to apply unavailability rule to spontaneous declarations or
statements made in the course of receiving medical care).  Appellant=s
first argument is without merit.

Excited Utterance

Appellant
next argues that the trial court abused its discretion in finding that Ms. Arzaga=s
statements to Estrada qualified as excited utterances under Rule 803(2) because
they were made approximately twenty minutes after the event, Ms. Arzaga was calm, and they were made to Estrada not as a
spontaneous declaration, but as the result of questions he put to her.








Rule
803(2) provides that an excited utterance is a statement relating to a
startling event or condition made while the declarant
was under the stress of excitement caused by the event or condition.  Tex.R.Evid. 803(2).  There is no single principle governing the
admissibility of evidence under the excited utterance or spontaneous
declaration exception to the hearsay rule. 
Salley v. State, 25 S.W.3d 878, 880 (Tex.App.‑-Houston
[14th Dist.] 2000, no pet.).  Each
case must be considered on its own particular facts.  Salley, 25 S.W.3d at 880; Tejeda v.
State, 905 S.W.2d 313, 316 (Tex.App.‑‑San
Antonio 1995, pet. ref=d).  While the period of time that elapsed between
the occurrence of the startling event and the making of the statement is a
factor to consider in determining the admissibility of such statements, the
critical factor is whether the declarant is still
dominated by the emotions, excitement, fear, or pain of the event.  Lawton v. State, 913 S.W.2d 542, 553 (Tex.Crim.App. 1995), cert. denied, 519 U.S. 826, 117
S.Ct. 88, 136 L.Ed.2d 44 (1996).  Likewise, the fact that a statement is made
in response to police questioning does not render the statement
inadmissible.  Salley,
25 S.W.3d at 881; Tejeda,
905 S.W.2d at 316.  Instead, this is
simply a factor which must be considered in determining admissibility under the
test just described.  Lawton, 913 S.W.2d at 553.

Estrada
testified that he arrived at the scene within four minutes after being
dispatched and only ten to fifteen minutes after the assault.  Ms. Arzaga made her
statements to Estrada shortly after he arrived. 
Estrada described Ms. Arzaga as crying and Avery emotional, very distraught,
stuttering@ as she
told him what had happened.  It appeared
to him that she had been crying for several minutes.  This evidence supports the trial court=s conclusion that Ms. Arzaga was still dominated by the emotions, excitements,
fear, or pain of the event as she made the statements describing the assault to
Estrada.  See Salley,
25 S.W.3d at 880-81 (family violence victim=s
statements to police officers were admissible as excited utterances where
police officer responded to domestic violence call less than ten minutes after
the incident, and the evidence established that the victim was crying and upset
when she made the statements to the officer); Tejeda,
905 S.W.2d at 315-16 (family violence victim=s
statements to police officer in response to questions were admissible as
excited utterances where victim was crying and upset when she made the
statements).  We find no abuse of
discretion in the admission of these out-of-court statements under Rule 803(2).  Point of Error No.
One is overruled. 

BOLSTERING








In Point of Error No. Two, Appellant alleges that the trial
court abused its discretion in admitting testimony by Estrada which bolstered
the credibility of Montes and the non-testifying complainant.  We review the trial court=s decision to admit the testimony under
an abuse of discretion standard.  See Turro v. State, 950 S.W.2d
390, 398-400 (Tex.App.--Fort Worth 1997, pet. ref=d).

After
establishing that Estrada had responded to numerous family violence calls as a
peace officer, the prosecutor asked the following:

[The prosecutor]:          And
based on your experience, what kind of conclusions had you drawn after your
first initial contact with the victim?

 

[Defense counsel]:        Objection.  Speculation.

 

[The prosecutor]:          Based
on his experience of 25 calls prior to this.

 

[Defense counsel]:        Relevance,
bolstering, self-serving.

 

[The Court]:                 All
right.  I will permit it.  Go ahead. 
Overruled.

 

                                                                   .          .          .

 

[The prosecutor]:          What
kind of conclusions had you made based on your first initial contact with the
victim based on your prior experience with these types of calls?

 

[Estrada]:                     Type
of conclusion, being the emotional state that she was in and after speaking to
the complaining witness and the other witness, which was her neighbor, and
interviewed them, at each separate time by themselves, she was, seemed like
they were telling the truth at the time when I had taken the two stories.  [Emphasis added].

 

Bolstering
occurs when evidence is admitted for the sole purpose of convincing the fact
finder that a particular witness or source of evidence is worthy of credit,
without substantively contributing to make the existence of a fact that is of
consequence to the determination of the action more or less probable than it
would be without the evidence.  Cohn
v. State, 849 S.W.2d 817, 819‑20 (Tex.Crim.App. 1993). 
Accordingly, if the evidence makes any substantive contribution, even if
it only incrementally tends to further establish a fact of consequence, it is
not bolstering.  Turro,
950 S.W.2d at 400, citing Cohn, 849 S.W.2d at 819‑20.  








In
reviewing Appellant=s
complaint, we note that it is generally improper for a witness to offer a
direct opinion as to the truthfulness of another witness.  See Schutz v.
State, 957 S.W.2d 52, 59 (Tex.Crim.App. 1997); Yount v. State, 872 S.W.2d 706, 710-11 (Tex.Crim.App. 1993)(opinion on reh=g).  This type of testimony is inadmissible
because it does more than assist the trier of fact to
understand the evidence or to determine a fact in issue; it impermissibly
decides an issue for the jury.  See Yount, 872 S.W.2d at 709; Perkins
v. State, 902 S.W.2d 88, 93 (Tex.App.‑-El
Paso 1995, pet. ref=d).  In other words, it is not helpful to the
jury, and consequently, is inadmissible under Tex.R.Evid. 702. 
Although this issue generally arises in the context of expert witnesses,
lay opinions must also be helpful to a clear understanding of the witness=s testimony or the determination of a
fact in issue.  See Tex.R.Evid. 701. 
It follows, then, that a lay witness is not permitted to offer an
opinion that another witness is truthful.[1]  Because Estrada=s
testimony had no purpose other than to show that the State=s witnesses were telling the truth, the
trial court erred in admitting it.

Harm Analysis








As
a general rule, error in the admission or exclusion of evidence does not rise
to a constitutional level.  Muhammad v. State, 46 S.W.3d 493, 509 (Tex.App.‑-El
Paso 2001, no pet.).  Therefore,
we apply the harmless error standard found in Tex.R.App.P. 44.2(b).  Under this rule, the erroneous admission of
evidence warrants reversal only if the evidence had a substantial and injurious
effect or influence in determining the jury=s
verdict.  See Morales v. State, 32
S.W.3d 862, 867 (Tex.Crim.App. 2000); King v.
State, 953 S.W.2d 266, 271 (Tex.Crim.App.
1997).  If the record fails to show that
the error had such an impact, it cannot be said to affect a substantial right
and we must disregard it.  Richardson v. State, 981 S.W.2d 453, 457 (Tex.App.‑‑El Paso 1998, pet. ref=d). This determination
necessarily requires consideration of the entire record, including the jury
instructions, the parties=
theories of the case, and the closing arguments.  See Morales, 32
S.W.3d at 867.

The
jury heard evidence that Estrada interviewed Ms. Arzaga
and Montes three different times in order to determine whether their stories
remained consistent.  Additionally, he
interviewed the two women separately so they could not influence one another.  As the jury heard, the version of the events
as told through the excited utterances and Montes=
testimony were consistent.  The
credibility of Ms. Arzaga and Montes is further
supported by the photographs depicting the injuries to Ms. Arzaga=s mouth.  Although Ms. Arzaga
was not present at trial, Montes was subjected to vigorous
cross-examination.  She admitted that she
was nervous about testifying against her neighbor and she maintained that she
was still on speaking terms with him. 
Montes expressly denied fabricating her testimony in order to assist Ms.
Arzaga.  The
State made no mention of the evidence in its closing argument.  Because the jury had ample opportunity to
judge the credibility of Ms. Arzaga and Montes
independent of Estrada=s
opinion, we conclude that the evidence did not have a substantial and injurious
effect or influence in determining the jury=s
verdict and the error must be disregarded. 
Point of Error No. Two is overruled.

SUFFICIENCY OF THE EVIDENCE








In
three related points, Appellant challenges the sufficiency of the evidence to
support his conviction for assault.  In Point of Error No. Three, he contends that the trial
court erred in denying his motion for an instructed verdict because the State
failed to prove that Ms. Arzaga suffered any physical
pain.  This argument is in reality a
legal sufficiency complaint.  Brimage
v. State, 918 S.W.2d 466, 470 & n.3 (Tex.Crim.App.
1994); Madden v. State, 799 S.W.2d 683, 686 & n.3 (Tex.Crim.App. 1990). 
Therefore, we will review it in connection with Point of Error No. Seven
in which Appellant challenges both the legal and factual sufficiency of the
evidence.  Similarly,
in Point of Error No. Six, Appellant asserts that the trial court erred
in receiving the guilty verdict because it is not supported by admissible
evidence.

Standards of Review








In
reviewing the legal sufficiency of the evidence to support a criminal
conviction, we must review all the evidence, both State and defense, in the
light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318‑19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991). 
Contrary to Appellant=s
assertions, we must evaluate all of the evidence in the record, whether
admissible or inadmissible.  Wilson v. State, 7 S.W.3d 136, 141 (Tex.Crim.App.
1999); Johnson v. State, 967 S.W.2d 410, 412 (Tex.Crim.App.
1998).  We do not resolve any
conflict of fact or assign credibility to the witnesses, as it was the function
of the trier of fact to do so.  See Adelman v.
State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson
v. State, 819 S.W.2d 839, 843 (Tex.Crim.App.
1991).  Instead, our duty is only to
determine if both the explicit and implicit findings of the trier
of fact are rational by viewing all of the evidence admitted at trial in a
light most favorable to the verdict.  Adelman, 828 S.W.2d at 422.  In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict. 
Matson, 819 S.W.2d at 843.   Further, the standard of review is the same
for both direct evidence and circumstantial evidence cases.  Geesa, 820 S.W.2d at 158.

Factual Sufficiency

When conducting a review of the factual sufficiency of the
evidence, we consider all of the evidence, but we do not view it in the light
most favorable to the verdict.  Clewis
v. State, 922 S.W.2d 126, 129 (Tex.Crim.App.
1996); Levario, 964 S.W.2d at 295.  As in the case of legal
sufficiency review, we consider all of the evidence weighed by the jury,
including both admissible and inadmissible evidence.[2]  We review the evidence weighed by the jury
that tends to prove the existence of the elemental fact in dispute and compare
it with the evidence that tends to disprove that fact.  Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); Jones v. State, 944 S.W.2d 642,
647 (Tex.Crim.App. 1996), cert. denied, 522
U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997).  A defendant challenging the factual
sufficiency of the evidence may allege that the evidence is so
weak as to be clearly wrong and manifestly unjust, or in a case where the
defendant has offered contrary evidence, he may argue that the finding of guilt
is against the great weight and preponderance of the evidence.  See Johnson, 23
S.W.3d at 11.  Although we are
authorized to set aside the fact finder=s
determination under either of these two circumstances, our review must employ
appropriate deference and should not intrude upon the fact finder=s role as the sole judge of the weight
and credibility given to any evidence presented at trial.  See Johnson, 23
S.W.3d at 7. We are not free to reweigh the evidence and set aside a
verdict merely because we feel that a different result is more reasonable.  Cain v. State, 958
S.W.2d 404, 407 (Tex.Crim.App. 1997); Clewis, 922 S.W.2d at 135.








Evidence of Physical Pain

The
information alleged that Appellant intentionally and knowingly caused bodily
injury to Ms. Arzaga by striking her in the face with
his hand.  The application paragraph of
the court=s charge
tracked the information.  The Penal Code
defines bodily injury as physical pain, illness, or any impairment of physical
condition.  Tex.Pen.Code Ann. '
1.07(a)(8)(Vernon 1994).

No
witness directly testified that Ms. Arzaga suffered
pain as a result of being struck in the mouth by her husband=s fist. 
However, the jury is permitted to draw reasonable inferences from the
evidence, including an inference that the victim suffered pain as a result of
her injuries.  See Goodin v. State, 750 S.W.2d 857, 859 (Tex.App.--Corpus Christi 1988, pet. ref=d).  The existence of a cut, bruise, or scrape on
the body is sufficient evidence of physical pain necessary to establish Abodily injury@
within the meaning of the statute.   See
Bolton v. State, 619 S.W.2d 166, 167 (Tex.Crim.App.
1981)(evidence of cut on arm sufficient to show bodily
injury); Goodin, 750 S.W.2d at 859 (rejecting
contention that because victim did not testify that bruises and strains Ahurt@
or that he felt pain the State failed to prove Abodily
injury;@ holding
the existence of bruises and muscle strain sufficient to show bodily injury
because jury could draw inference from these injuries that victim suffered
physical pain). 








The
evidence at trial included two photographs of Ms. Arzaga=s mouth.  These exhibits depicted  swelling and at least one abrasion on
the inside of her upper lip.  Estrada
testified that the photos depicted swelling to both the upper and lower lips,
bruising and Ablistering@ of the lips, and a cut.  In his opinion, the injuries were consistent
with having been caused by a blow to the mouth with a closed fist.  This testimony permits an inference by the
jury that Ms. Arzaga suffered physical pain.  See Goodin, 750 S.W.2d at 859. 
Thus, the State proved bodily injury by legally sufficient evidence.

In
our factual sufficiency review, we must take into account Montes= testimony that Ms. Arzaga
did not specifically complain that she was in pain and that Montes did not
observe any injuries to Ms. Arzaga after the
assault.  Montes did not testify that Ms.
Arzaga affirmatively stated that she was not
in pain.  Her testimony was that Ms. Arzaga simply did not make a statement that she was
in pain.  The difference is not merely
semantic.  The photographs indicate that
the injuries suffered by Ms. Arzaga were not readily
visible unless Ms. Arzaga lifted her upper lip so
that the cut on the inside of her mouth could be seen.  It was the jury=s
task to weigh this evidence and draw all reasonable inferences from it.  We find that the evidence is factually
sufficient to support the jury=s
inference that Ms. Arzaga suffered physical pain from
being punched in the mouth by Appellant.

Consideration of the Excited Utterances

Appellant
also argues that when the excited utterances are excluded from consideration,
the evidence is legally and factually insufficient to support his
conviction.  Although Appellant does not
identify the particular elements which would be lacking, we assume he means that
the State could not establish that the assault occurred.  This argument flawed for several
reasons.  First, we have already
determined that the trial court properly admitted this evidence.  Second, even if we had found the evidence
inadmissible, we would nevertheless consider it in our legal and factual
sufficiency review.  Third, the jury had
before it the photographs depicting the injuries suffered by Ms. Arzaga and the testimony of Montes describing how Appellant
struck Ms. Arzaga in the face with his fist.  Consequently, we would find the evidence
sufficient even if we did not include the excited utterances in our
review.  Points of Error Three, Six, and
Seven are overruled.








LESSER-INCLUDED OFFENSE








In Point of Error No. Four, Appellant complains that the
trial court erred in refusing to instruct the jury on the lesser included
offense of Class C assault.  To determine
whether he was entitled to a charge on the lesser‑included offense, we
apply a two‑pronged test.  Rousseau
v. State, 855 S.W.2d 666, 672 (Tex.Crim.App.), cert.
denied, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d
260 (1993); Avila v. State, 954 S.W.2d 830, 842 (Tex.App.‑-El
Paso 1997, pet. ref=d).  First, the lesser‑included offense must
be included within the proof necessary to establish the offense charged.  Rousseau, 855 S.W.2d
at 672; Avila, 954 S.W.2d at 842. 
Second, there must be some evidence in the record that would permit a
jury rationally to find that if the defendant is guilty, he is guilty only of
the lesser offense.  Rousseau, 855 S.W.2d at 672; Avila, 954 S.W.2d at 842.  The credibility of the evidence and whether
it conflicts with other evidence or is controverted
may not be considered in determining whether an instruction on a lesser‑included
offense should be given.  Banda v.
State, 890 S.W.2d 42, 60 (Tex.Crim.App. 1994), cert.
denied, 515 U.S. 1105, 115 S.Ct. 2253, 132
L.Ed.2d 260 (1995); Avila, 954 S.W.2d at 842.  Regardless of its strength or weakness, if
any evidence raises the issue that the defendant was guilty only of the lesser
offense, then the charge must be given.  Saunders v. State, 840 S.W.2d 390, 391 (Tex.Crim.App.
1992); Avila, 954 S.W.2d at 842. 
An accused is guilty only of a lesser‑included offense if there is
evidence that affirmatively rebuts or negates an element of the greater
offense, or if the evidence is subject to different interpretations, one of
which rebuts or negates the crucial element. 
See Ramirez v. State, 976 S.W.2d 219, 227 (Tex.App.--El Paso 1998, pet. ref=d).  That the jury may disbelieve crucial evidence
pertaining to the greater offense is not sufficient to warrant the submission
of the lesser‑included offense submission to the jury; there must be some
evidence directly germane to the lesser‑included offense to warrant such
submission.  See Skinner v. State,
956 S.W.2d 532, 543 (Tex.Crim.App. 1997), cert.
denied, 523 U.S. 1079, 118 S.Ct. 1526, 140
L.Ed.2d 677 (1998).

We
have already determined that the State offered evidence showing that Ms. Arzaga suffered bodily injury, namely physical pain, as a
result of Appellant striking her in the face with his fist.  Appellant counters that this evidence was
negated or rebutted by Montes=
testimony that she did not observe any injuries to Ms. Arzaga
and the victim did not report any pain. 
Montes= failure
to observe the cut on the inside of Ms. Arzaga=s mouth does not rebut or negate the
fact that she suffered this injury. 
Further, Montes never testified that Ms. Arzaga
did not feel any pain from the assault; Ms. Arzaga
simply did not say one way or the other. 
While Montes=
testimony may have had the effect of weakening the evidence supporting a
finding of pain depending on the weight assigned by the jury, it does not
affirmatively negate or rebut that evidence. 
Therefore, Appellant was not entitled to an instruction on the lesser
included offense of Class C assault.  Point of Error No. Four is overruled.

ADMISSION
OF EXTRANEOUS OFFENSES

DURING
PUNISHMENT

 

In Point of Error No. Five, Appellant contends that the
trial court abused its discretion in admitting extraneous offenses during the
punishment phase of trial without first conducting a hearing outside the
presence of the jury to determine whether the evidence established beyond a
reasonable doubt that he committed them. 
He additionally argues that the evidence is insufficient to show that he
committed the extraneous offenses.








At
the beginning of the punishment phase, Appellant requested a hearing outside
the presence of the jury to determine whether the State could prove any
extraneous offense beyond a reasonable doubt. 
After hearing the prosecutor=s
response that the jury, not the trial court, had the responsibility to
determine whether Appellant committed the extraneous offenses beyond a
reasonable doubt, the court overruled Appellant=s
request.  However, the court indicated
that it would reconsider Appellant=s
request when the State offered the evidence. 
The State then called Deputy Sheriff Javier Jimenez to testify about two
other family violence incidents at the Arzaga
household.  Before the State began its
examination of Jimenez, Appellant renewed his request for a determination by the
trial court as to whether the evidence established beyond a reasonable doubt
that he had committed the extraneous offenses. 
The prosecutor explained that Jimenez had been to the residence on other
domestic violence calls and that she was going to prove another assault through
excited utterances as she had during trial. 
With this explanation and after some discussion about including an
appropriate instruction in the charge, the trial court denied Appellant=s request.  Jimenez then related that he was dispatched
to the Arzaga residence approximately two months
before the charged assault.  When he
arrived, Ms. Arzaga was crying and told him that she Awas tired of it.@  From his discussions with her, Jimenez
learned that a family violence incident had occurred and he made a report.  








Nearly
a month after the charged assault, Jimenez was again dispatched to the Arzaga home on another domestic disturbance call.  When he arrived, Ms. Arzaga
was crying, shaking, yelling, and excited. 
Pursuant to the excited utterance exception to the hearsay rule, Jimenez
related that Appellant twisted Ms. Arzaga=s arm and pulled her hair when she
attempted to leave the home after telling Appellant that she wanted a
divorce.  Appellant dragged Ms. Arzaga back into the residence by her hair.  Following his arrest, Appellant told Jimenez
that Ahis bond shouldn=t
be that high on this case because all he did was grab
her arm and pull her hair and that he didn=t hit her like he did the last time.@ 
In its charge, the court instructed the jury that they should not
consider the extraneous offense evidence unless they first found beyond a
reasonable doubt that Appellant had committed the offenses.  

We
review a trial court=s
decision to admit an extraneous offense during the punishment phase under the
abuse of discretion standard.  Mitchell v. State, 931 S.W.2d 950, 953 (Tex.Crim.App.
1996).  During the punishment
phase, the State may offer evidence as to any matter the court deems relevant
to sentencing, including evidence of an extraneous crime or bad act that is
shown beyond a reasonable doubt to have been committed by the defendant or for
which he could be held criminally responsible. 
Tex.Code Crim.Proc.Ann.
art. 37.07, '
3(a)(1)(Vernon Supp. 2002).  When presented with an appropriate objection,
the trial court has the responsibility to determine the threshold issue of
whether an extraneous offense is relevant. 
See Mitchell, 931 S.W.2d at 953-54; Mann v.
State, 13 S.W.3d 89, 94 (Tex.App.--Austin 2000), aff=d,
58 S.W.3d 132 (Tex.Crim.App. 2001).  Then the jury, as the exclusive judge of the
facts, is to determine whether or not the State has proved the extraneous
offenses beyond a reasonable doubt, and they should be so instructed when
requested.  Mitchell, 931 S.W.2d at 954.








The
trial court satisfies its responsibility by making an initial determination
that a jury could reasonably find beyond a reasonable doubt that the defendant
committed the extraneous offenses.  Mann,
13 S.W.3d at 94; see Mitchell, 931 S.W.2d at 954.  This threshold determination is not a finding
by the court that the State has proved an extraneous bad act beyond a
reasonable doubt, but is instead a finding that sufficient evidence exists from
which a jury could reasonably so find.  See
Mann, 13 S.W.3d at 94.  Significant to the issue before us, there is
no requirement that this initial determination be made by the court following a
hearing as opposed to some other form of preliminary review.  Mann, 13 S.W.3d at
94.  The trial court may determine
whether there is sufficient evidence through an oral or written proffer of
evidence, motions, pretrial hearings, and the trial, including any bench
conferences.  See Mann, 13 S.W.3d
at 93-95 (holding that the prosecutor=s
statement that he intended to offer extraneous offense evidence through defendant=s ex-wife who would testify as to some
physical abuse by defendant was sufficient for purposes of making a threshold
determination of relevance); Welch v. State, 993 S.W.2d 690, 697 (Tex.App.--San Antonio 1999, no pet.)(holding
that the State=s written
proffer of how it would prove the defendant sexually assaulted four other
victims was sufficient for purposes of trial court=s
threshold determination of relevance). 
Here, the prosecutor=s
oral statement as to how she intended to prove these other assaults through
Deputy Jimenez was sufficient for the trial court to make an initial
determination of relevance.  See Mann,
13 S.W.3d at 93-95. 
Further, we find that the State proved beyond a reasonable doubt that
Appellant committed these extraneous offenses. 
Accordingly, Appellant=s
complaints are without merit.  Point of Error No. Five is overruled.  Having overruled each of Appellant=s points of error, we affirm the
judgment of the trial court.

 

 

August 29, 2002

                                                                   
     

ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Publish)











[1]  A direct
opinion as to the truthfulness of another witness improperly bolsters the
witness=s testimony. 
Therefore, we find that a bolstering objection is sufficient to preserve
Appellant=s complaint. 
However, we note that the better practice is to object to this testimony
as lacking relevance or as improper opinion testimony.  See Cohn, 849 S.W.2d at 821-22
(Campbell, J., concurring).





[2]  In the event
the trial court erred in admitting evidence, the accused may raise this issue
on appeal.  If his complaint has merit
and the error is reversible, a new trial will be ordered.  See Thomas v. State, 753 S.W.2d 688, 695 (Tex.Crim.App.
1988).