Roy Lee SALLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–99–00523–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 3, 2000.

William M. Thursland, Houston, for appellant.

Peyton Peebles, III, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, ANDERSON, and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant Roy Lee Salley was convicted by a jury of misdemeanor assault for striking his wife with his hand. The trial court sentenced appellant to sixty days confinement in the Harris county jail. In two appellate issues, appellant claims the trial court erred by (1) allowing hearsay evidence to be presented at trial, and (2) convicting him of assault with legally insufficient evidence. We affirm.

## I.

## Factual Background

The record in this case demonstrates that at 4:09 pm, Deputy Constable Christopher Hess (Hess) was dispatched to a family disturbance call. Arriving on the scene less than two minutes later, Hess found the complainant, Donney Mae Caraway, crying and upset with the back of her hair disheveled. Appellant was standing close to the complainant when Hess asked her what had happened. She replied she was in pain, and then explained it was because the appellant hit her in the back of her head with his fist. Hess asked the appellant what had happened and he stated, "whatever she said." Hess turned back to the complainant and asked if she wanted to press charges against appellant. She replied that she did, whereupon the appellant began pleading with her, "come on, baby, don't do this." Hess arrested the appellant, and the complainant wrote out and signed a statement documenting the assault.

At trial, Hess testified to the events the day of appellant's arrest and the conversations he had with the appellant and the complainant. When he testified to the complainant's statements, the appellant objected on the basis that the State was introducing hearsay. Appellant's first point of error concerns the admissibility of this evidence.

## II.

## Hearsay

Appellant challenges the trial court's admission of Hess' testimony regarding the complainant's out of court statement accusing the appellant of hitting her in the head. While appellant insists this testimony is inadmissible hearsay, the State argues it is admissible under several hearsay exceptions, including Rule of Evidence 803(2), the "excited utterance" exception. We agree with the State's analysis.

Rule 803(2) of the rules of evidence provides that a statement is not excluded by the hearsay rule if it is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX.R. EVID. 803(2). This exception is founded on the belief that statements made as a result of a startling event or condition are involuntary and do not allow the declarant an adequate opportunity to fabricate, thereby ensuring enough trustworthiness to fall outside the hearsay exclusion. *See Couchman v. State*, 3 S.W.3d 155, 158–59 (Tex. App.—Fort Worth 1999, pet. ref'd). In order for the utterance to be admissible under the Rule 803(2) exception, the statement must be the product of a startling occurrence, the declarant must have been dominated by the emotion, excitement, fear, or pain of the occurrence, and the statement must be related to the circumstances of the startling occurrence. *See McFarland v. State*, 845 S.W.2d 824, 846 (Tex.Crim.App.1992).

There is no single principle governing the admissibility of evidence under the excited utterance or spontaneous declaration exception to the hearsay rule. *See Couchman*, 3 S.W.3d at 159; *see also Jones v. State*, 772 S.W.2d 551, 554–55 (Tex.App.—Dallas 1989, pet. ref'd). Each case must be considered on its own particular facts. *See Tejeda v. State*, 905 S.W.2d 313, 316 (Tex.App.—San Antonio 1995, pet. ref'd). If the statements are made while

the witness is in the grip of emotion, excitement, fear, or pain, and they relate to the exciting event, they are admissible even after an appreciable time has elapsed between the exciting event and the making of the statement. *See id.; see also Penry v. State,* 691 S.W.2d 636, 647 (Tex.Crim. App.1985). The fact that such statements were made in response to questions by the investigating officer does not make the testimony inadmissible. *See Tejeda,* 905 S.W.2d at 316; *see also Jones,* 772 S.W.2d at 555 (citing *Morris v. State,* 157 Tex. Crim. 14, 246 S.W.2d 184, 186 (1951)).

■ Here, the evidence indicates that the complainant was under the emotional effects of her argument with and physical assault by appellant. Hess testified that fewer than ten minutes elapsed from the time the complainant reported the assault until he arrived on the scene. Hess further testified that the complainant was very upset and crying when he first approached her, she volunteered that her husband hit her, and she was still in pain from the assault. We hold that the complainant's statements to Hess were admissible as excited utterances. Therefore, the trial court did not err by allowing Deputy Hess to testify about his conversations with the complainant. Accordingly, we overrule appellant's first point of error.

## III.

### Legal Sufficiency

In his second point of error, appellant claims the evidence is legally insufficient to support his conviction. This point is predicated on an assumption that the testimony regarding the complainant's out of court statement to Hess was inadmissible hearsay. Because we disagree with this assumption, the complainant's statement will be considered as evidence.

■ In reviewing legal sufficiency, we view the evidence in the light most favorable to the verdict, and ask whether any rational trier of fact could have found beyond a reasonable doubt all of the ele-

ments of the offense. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Santellan v. State,* 939 S.W.2d 155, 160 (Tex. Crim.App.1997). The Texas Penal Code defines assault as "intentionally, knowingly, or recklessly caus[ing] bodily injury to another, including the person's spouse." TEX. PEN.CODE ANN. § 22.01(a)(1) (Vernon Supp.2000). The penal code also states that bodily injury means "physical pain, illness, or any impairment of physical condition." TEX. PEN.CODE ANN. § 1.07(a)(8) (Vernon 1994). This definition is purposefully broad and seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching. *See Lane v. State,* 763 S.W.2d 785, 786 (Tex.Crim.App.1989); *see also York v. State,* 833 S.W.2d 734, 736 (Tex.App.—Fort Worth 1992, no pet.).

■ The evidence presented at trial, largely through the testimony of Deputy Hess, establishes appellant's guilt of the offense of assault. First, Hess stated that when he responded to the call, he found the complainant crying and in pain, and that her hair was "messed up in the back." Second, as was discussed above, the trial court properly admitted the complainant's accusatory statement wherein she said the appellant, "hit her in the head with his fist." Third, Hess also testified to appellant's inculpatory statement in response to the complainant's accusation. Finally, when the complainant took the stand, although she testified she could not remember any of the events leading to her husband's arrest, she did remember arguing with her husband, calling the police, and crying while she spoke to Deputy Hess. Viewing this evidence in the light most favorable to the verdict, any rational trier of fact could have found beyond a reasonable doubt that appellant assaulted the complainant by hitting her with his hand. Therefore, the evidence was legally sufficient to support appellant's conviction. Accordingly, we overrule appellant's second point of error.

We affirm the judgment of the trial court.