# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00733-CR

**Nicholas Edward Origer, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR2001-175, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

A jury found appellant Nicholas Edward Origer guilty of felony driving while intoxicated (DWI) and assessed punishment at imprisonment for six years and a $2000 fine. *See* Tex. Pen. Code Ann. ' 49.04(a), .09(b) (West Supp. 2002). On the jury=s recommendation, the court suspended imposition of sentence and placed him on community supervision. Origer urges that the State failed to prove he operated a motor vehicle on the night in question. He also contends the district court erred by admitting statements he made to the police and by excluding the testimony of a defense witness regarding an out-of-court statement made by the person Origer claims was driving. We will affirm the conviction.

On April 13, 2001, William Cannon had a party at his residence near Canyon Lake. Origer, who was Cannon=s neighbor and employee, attended the party. At around 10:00 p.m., Cannon saw Origer leave in a pickup truck driven by a young man named Mike Fisher. Mary Stephens, another neighborhood resident who was also at the party, testified that Mike Fisher and his brother Greg were

visiting her family that weekend. The Fisher brothers had arrived driving the truck, which Stephens believed belonged to Greg Fisher.[1] At about 10:45 p.m., this pickup truck attempted to turn right at an intersection near Cannon=s house, went wide and ran off the road, and then struck a telephone pole.

Jackie Schlichting and Greg Harris lived near the intersection and heard the accident. Schlichting stepped outside and Ayelled if everybody was okay.@ Origer, whose voice she recognized, replied that he was unhurt. Schlichting then called 911 while Harris went outside to speak to Origer. According to Schlichting, Harris later told her that Ahe . . . saw some kid take off in front of the truck between the two houses.@

Cannon testified that Mike Fisher returned to the party around midnight. Although Cannon did not speak to him, he noticed that Fisher Awas missing a tooth and that he was bleeding a little bit off of his head.@ Stephens testified that Fisher returned to her house at about 2:30 a.m. He Ahad blood running from his mouth and a couple of teeth missing.@ When Stephens was asked by defense counsel to relate a statement made to her by Fisher, the State=s hearsay objection was sustained by the court. In an offer of proof outside the jury=s presence, Stephens testified that Fisher told her, AWe wrecked the truck.@

---

[1] There is evidence that the truck was registered to a man with a Longview, Texas, address who had no connection with these events.

*Statements at scene*

The first officer to arrive at the accident scene was Deputy Rex Campbell. He found Schlichting, Harris, and Origer standing by the truck. Campbell asked them, "Who=s my driver?" Schlichting and Harris pointed to Origer. Campbell then asked Origer if he was the driver and Origer replied that he was. Based on Origer=s demeanor and the odor of alcoholic beverage, Campbell concluded that he was intoxicated.

Department of Public Safety Trooper Timothy Upright arrived at the scene soon after Campbell and assumed responsibility for the investigation. Upright asked Origer if he was the driver of the truck and Origer again said that he was. Origer then told the officer that "he was trying to make his turn and he didn=t make it. You know, then he said he swerved and he then hit the pole." This description was consistent with the physical evidence. The trooper administered field sobriety tests, all of which indicated that Origer was intoxicated. Campbell then arrested Origer, handcuffed him, and advised him of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966).

In his first point of error, Origer urges that his statements to the officers at the scene of the accident admitting that he had been driving were the inadmissible product of unwarned custodial interrogation. The same argument was made without success in *State v. Stevenson*, 958 S.W.2d 824 (Tex. Crim. App. 1997), a case involving similar facts. Stevenson claimed that his wife had been driving when their car collided with a stop sign. *Id*. at 825. The investigating officer noticed that Stevenson=s wife was injured in a manner consistent with her being the passenger and became suspicious that Stevenson, who showed symptoms of intoxication, had been driving. *Id*. Upon further inquiry by the officer, Stevenson

**3**

admitted that he had been the driver. *Id*. Stevenson sought to suppress this admission, arguing that it was the product of custodial interrogation because he had become the focus of a DWI investigation by the officer. *Id*. at 829. The court of criminal appeals disagreed, holding that the officer=s change of focus from investigating the accident to investigating a possible DWI did not cause the roadside encounter between the officer and Stevenson to escalate into custodial interrogation. *Id*.

Similarly, we hold that Origer was not in custody when he was asked by officers Campbell and Upright if he was the driver of the pickup truck involved in the accident. That the officers had reason to believe Origer was intoxicated, and thus had reason to believe the incident was a possible DWI, did not make the encounter a custodial one. Thus, his admissions to the officers at the scene of the accident were not the product of custodial interrogation. We also note that Origer did not object when Upright later testified to Origer=s description of the accident, in which Origer indicated that he was driving. Any error in the admission of evidence is waived if the same evidence is admitted elsewhere without objection. *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984). Point of error one is overruled.

### *Statements at jail*

Following his arrest, Origer was taken to the county jail where, after being booked, he was taken to the intoxilyzer room, again advised of his *Miranda* rights, and asked to perform various sobriety tests. He was then given the administrative warning (DIC 24) and asked if he would submit a breath sample for testing. He replied, ANah. I=d rather call myself and get a lawyer.@ After Origer signed the form

4

indicating that he refused to give a breath specimen, Upright conducted the Astandard DWI interview.@ Once again, Origer admitted driving the pickup truck.

In point of error two, Origer asserts that he had invoked his right to counsel, that all questioning should have ceased, and that any statements he made to Upright during the jail interview should not have been admitted. *See Russell v. State*, 727 S.W.2d 573, 575-76 (Tex. Crim. App. 1987); *Ochoa v. State*, 573 S.W.2d 796, 800-01 (Tex. Crim. App. 1978). Origer did not object to Upright=s testimony on this basis, and he expressly stated that he had no objection when the videotaped interview was played for the jury. Point of error two was not preserved for review and is therefore overruled. *Earhart v. State*, 823 S.W.2d 607, 621 (Tex. Crim. App. 1991); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); Tex. R. Evid. 103(a)(1).

By his third point of error, Origer urges that his waiver of rights in the interview room was not knowing and voluntary because Upright gave him Aconfusing and inconsistent *Miranda* warnings.@ Appellant=s brief contains no argument or authorities in support of this contention, but merely urges that the asserted error was harmful. *See* Tex. R. App. P. 38.1(h). Not only is this point inadequately briefed, but once again any error was waived when the videotaped interview was admitted and played for the jury without objection. Point of error three is overruled.

### *Defense testimony*

In his fourth point of error, Origer contends the district court erred by excluding as hearsay Stephens=s testimony that Fisher told her, AWe wrecked the truck.@ He argues that this statement was admissible both as a present sense impression and as an excited utterance. Tex. R. Evid. 803(1), (2).

Origer did not urge the admission of the statement as a present sense impression and thus failed to preserve that ground for appeal. *Earhart*, 823 S.W.2d at 621; Tex. R. Evid. 103(b); Tex. R. App. P. 33.1(a)(1)(A).

For an out-of-court statement to be admissible under the excited utterance exception, the statement must be the product of a startling occurrence, the declarant must have been dominated by the emotion, excitement, fear, or pain of the occurrence, and the statement must be related to the circumstances of the startling occurrence. *Salley v. State*, 25 S.W.3d 878, 880 (Tex. App.CHouston [14th Dist.] 2000, no pet.). That the statement is an answer to a question or that it was separated by a period of time from the startling event are factors to be considered, but neither factor is dispositive. *Salazar v. State*, 38 S.W.3d 141, 154 (Tex. Crim. App. 2001). The pivotal inquiry is whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event. *Id*.; *King v. State*, 953 S.W.2d 266, 269 (Tex. Crim. App. 1997). We review the trial court=s ruling for an abuse of discretion, meaning that we will uphold the ruling if it is within the zone of reasonable disagreement. *Salazar*, 38 S.W.3d at153-54.

Stephens testified at the offer of proof that Fisher was bleeding, his lip was swollen, and he had two or three teeth missing. She also said he Awas shaken, nervous. He was hurting, naturally from the broken teeth.@ When Stephens asked him what had happened, he said, AWe wrecked the truck.@ Fisher made this statement about four hours after the accident, and after he had returned to the party. Viewing this and the other relevant circumstances in the light most favorable to the court=s ruling, we conclude that the trial court could reasonably conclude that Fisher was no longer dominated by the emotions arising from the

accident. The decision not to admit his statement to Stephens as an excited utterance was within the zone of reasonable disagreement. Thus, the ruling has not been shown to be an abuse of discretion.

Even if the exclusion of Fisher=s statement was an abuse of discretion, the error did not affect a substantial right. *See Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002); Tex. R. Evid. 103(a). The only issue in dispute at trial was whether Origer was driving the pickup truck or was merely a passenger when it collided with the telephone pole. The strongest evidence that Origer was driving was his own statements to the police. He was asked at least three times by two different officers if he was the driver of the truck, and each time he said that he was. In his jury argument, defense counsel argued that Origer, in his intoxicated state, had been tricked or coerced by the police into saying that he was the driver of the truck. Because Origer=s jail interview was videotaped and shown to the jury, the jurors were able to judge for themselves the degree of Origer=s intoxication and the nature of the officer=s questioning.[2]

---

[2] There is no suggestion that Origer deliberately lied to protect Fisher, who was a total stranger to him so far as the record reflects.

There was no evidence directly contradicting Origer=s admissions that he was driving. Fisher was seen driving the pickup truck with Origer as his passenger approximately one-half hour before the accident, but this does not exclude the possibility that Origer and Fisher changed places before the accident. In fact, Origer told Trooper Upright that he was on his way home from a neighborhood convenience store when the accident occurred; this intermediate stop would have presented an opportunity for the men to change places and for Origer to begin driving before the accident occurred. While there was also testimony that someone was seen running from the accident and that Fisher was later seen injured and bleeding, these facts merely support the conclusion that Fisher was in the truck at the time of the accident, a fact the State did not deny. The only other evidence at all relevant to this issue was that Origer did not personally own a vehicle and rarely drove.

Fisher told Stephens only that Awe@ had wrecked the truck. The excluded statement merely confirms that Fisher was in the truck at the time of the accident without shedding any additional light on the critical issue of who was driving when the accident happened. Under the circumstances, we conclude that the exclusion of the excited utterance, if error, did not affect Origer=s substantial rights. Point of error four is overruled.

### Sufficiency of evidence

In his last point of error, Origer asserts that he is entitled to an acquittal because, if his statements to the police had been suppressed and Fisher=s statement to Stephens had been admitted, no rational trier of fact would have convicted him. When assessing the sufficiency of the evidence to sustain a conviction, however, the reviewing court must consider all the evidence the jury was permitted, rightly or

**8**

wrongly, to consider. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). Thus, we would consider Origer=s statements to the police even if we had sustained Origer=s points of error complaining of the admission of those statements.

Viewing all the evidence before the jury in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). Point of error five is overruled.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: November 7, 2002

Do Not Publish