NO. 07-02-0055-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 29, 2003



______________________________




ADOLFO BENJAMIN ROCHA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT OF DEAF SMITH COUNTY;



NO. 00-0136; HONORABLE TOM SIMONS, JUDGE



_______________________________



Before JOHNSON, C.J., REAVIS, J., and BOYD, S.J. (1)

MEMORANDUM OPINION

 In this appeal, appellant Adolfo Benjamin Rocha challenges his driving while
intoxicated conviction upon his plea of nolo contendere. His punishment was assessed
at 120 days confinement in the Deaf Smith County Jail, probated for 18 months, and a fine
of $400. The appeal arises from the trial court's pretrial denial of appellant's motion to
suppress evidence obtained as a result of a police stop which appellant contends was
illegal. In a single issue, he asks us to determine if his detention by the police officer was
in violation of his constitutional right against unreasonable searches and seizures. For
reasons we later articulate, we affirm the judgment of the trial court.

 The facts giving rise to appellant's arrest and prosecution are essentially
undisputed. The evidence at the suppression hearing showed that after midnight on March
4, 2000, Texas Alcoholic Beverage Commission (TABC) Officers Jeffrey Keith Mann and
Randy McCarthy were with Hereford Police Officer Rob Roach on patrol in Hereford. As
they were driving west on State Highway 60 and approaching its intersection with FM Road
2856, the officers saw another driver run the intersection stop sign. Although the car in
which the officers were riding was unmarked, it had emergency lights and they were used
to stop the driver of the other car.

 Officer Mann approached the driver of the other car and saw that she was "visibly
upset," crying and shaking. He asked her what was wrong and, over appellant's hearsay
objection, (2) was allowed to testify that a white van had been following her for several
minutes, driving closely behind her, and pulled up beside her at stop signs where the
occupants of the car yelled out the window at her. All of this made her afraid for her safety.
That conversation was estimated to be some 20 to 30 seconds in length and, as Mann was
speaking to the woman, a white van drove by, which she identified as the one that had
been following her. Mann asked her to stay at the spot while he investigated the truth of
her statements.

 The officers returned to their car and pursued the van, which had accelerated to
"quite a high rate of speed." The officers turned on their emergency lights and, in
response, the van stopped. Officer McCarthy approached the driver's side of the van while
the other officers stood on the passenger side. The van was occupied by three people with
appellant in the driver's seat and two passengers in the back of the van. McCarthy asked
appellant to get out of the van and, he said, as appellant did so, he "fell back against" the
van. McCarthy averred that appellant "could . . . hardly walk" and emitted a strong odor
of alcohol. The officer performed field sobriety tests, which included the horizontal gaze
nystagmus test, walking, and standing on one leg. He concluded that each test indicated
that appellant was intoxicated and, because of those results, arrested him for driving while
intoxicated. When the officers returned to the location where the woman had been
stopped, she was no longer there. The officers had not recorded her license plate number
and could not identify her.

 Appellant does not challenge McCarthy's probable cause to arrest him for driving
while intoxicated after his stop. His challenge, rather, is directed at whether the stop itself,
because it was solely based on the statements of an unidentified third person, was
permissible. He acknowledges that in pulling him over, the officers were conducting an
investigatory detention and, if they had a reasonable suspicion of unusual activity related
to a crime, the stop would have been permissible.

 In his brief, appellant cites many of the cases discussing the factors to be
considered in determining whether an officer has reasonable suspicion to justify a
temporary detention. See, e.g., U.S. v. Mendenhall, 446 U.S. 544, 557, 100 S.Ct. 1870,
64 L.Ed.2d 497 (1980) (reasonableness is based upon the totality of the surrounding
circumstances).

 In his brief, appellant also discusses several cases in which it has been held that
anonymous telephone tips were not sufficient to justify an arrest or detention. See, e.g.,
Rojas v. State, 797 S.W.2d 41, 43-44 (Tex. Crim. App. 1990); Glass v. State, 681 S.W.2d
599, 601 (Tex. Crim. App. 1984); Reynolds v. State, 962 S.W.2d 307, 311 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd). However, in other instances, depending upon the
facts, many anonymous telephone tips have been held sufficient to support investigatory
detention. See Alabama v. White, 496 U.S. 325, 329, 110 S.Ct. 2412, 110 L.Ed.2d 301
(1990); Illinois v. Gates, 462 U.S. 213, 241-42, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983);
Mann v. State, 525 S.W.2d 174, 176 (Tex. Crim. App. 1975).

 In challenging the credibility of the unidentified driver, appellant argues that the facts
here are similar to those before the courts holding anonymous tips insufficient to justify
investigative stops. We need not engage in a detailed analysis of how those cases can
be distinguished from this one, because we find the holding of the Fort Worth Court of
Appeals in State v. Sailo, 910 S.W.2d 184 (Tex. App--Fort Worth 1995, pet. ref'd)
indistinguishable and dispositive here. In that case, while police officers were writing a
traffic citation, the driver of a car approaching from the opposite direction "shouted
excitedly" to the officers that he had seen a white Toyota pickup being driven erratically
and he thought the driver of that car must be intoxicated. One of the officers directed the
driver of the car to park nearby and wait for him. Soon thereafter, the officers saw a truck
meeting the first driver's description. The officers stopped the truck, even though they had
not seen the driver commit any traffic violations.

 As they approached the truck driver, the officers noted a strong smell of alcohol and 
saw, in plain view, several beer cans. The driver was unsteady on his feet and his eyes
were extremely bloodshot. The man was arrested as a result of his performance on field
sobriety tests. The driver who initially told the police about the truck left the scene before
the police had a chance to identify him. The trial court there sustained a motion to
suppress, and the State appealed that decision to the Court of Appeals. In considering the
appeal, and en route to reversing the trial court, the appellate court opined that the
question for its decision was how much weight an officer may place upon a tip given in
person from an unidentified informant. Id. at 188. After reviewing the factors to be
considered, the court held that, unlike an anonymous telephone call, the information was
provided by an informant in person who was driving a car from which, at the time of the
information, his identity might easily have been traced and the information furnished by the
informant was neither vague nor imprecise as to the time of the criminal activity nor the
crime committed, which increased the reliability of the information. Id. Thus, the court
concluded, considering all the circumstances, the informant and the information was
sufficiently reliable to justify the officers in making an investigatory stop. Id. at 189. 

 As we noted, the facts before the Fort Worth court and those before us are well-nigh
identical. We agree with the reasoning of the Fort Worth court and hold it is applicable to
the facts before us. Accordingly, appellant's issue does not present reversible error, and
it is overruled.

 The judgment of the trial court is affirmed.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. The State's rejoinder to appellant's objection was that the testimony was admissible
because it was an excited utterance within the purview of Rule of Evidence 803(2). We
agree. See Salley v. State, 25 S.W.3d 878, 880-81 (Tex. App.--Houston [14th Dist.] 2000,
no pet.). 



ily: 'Arial', sans-serif"> The court heard evidence from appellant that
she failed to report or pay as required by the terms of her community supervision. 
        Based on appellant’s pleas of “true,” the court revoked appellant’s community
supervision, adjudicated appellant guilty of aggravated assault as alleged in the August
2006 indictment and assessed appellant’s punishment at 25 years of confinement in the
Institutional Division. The court certified appellant’s right of appeal, and she timely filed
notice of appeal.


 
          Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and
a brief in support pursuant to Anders in which he certifies that he has diligently reviewed
the record and, in his professional opinion, under the controlling authorities and facts of this
case, there is no reversible error or legitimate grounds on which a non-frivolous appeal can
arguably be predicated. The brief discusses the procedural history of the case and the
proceedings in connection with the motion to adjudicate guilt. Counsel discusses the
applicable law and sets forth the reasons he believes there are no arguably meritorious
issues on which to appeal. Counsel has certified that a copy of the Anders brief and
motion to withdraw have been served on appellant, and that counsel has advised appellant
of her right to review the record and file a pro se response. Johnson v. State, 885 S.W.2d
641, 645 (Tex.App.--Waco 1994, pet. ref'd). By letter, this Court also notified appellant of
her opportunity to submit a response to the Anders brief and motion to withdraw filed by
her counsel. Appellant has not filed a response. The State has filed a response indicating
its agreement with counsel’s conclusion.
 
          In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991). 
          We agree with counsel that the record provides no reason to doubt that appellant
freely, knowingly, and voluntarily entered her pleas of “true” to three of the allegations
contained in the State’s motion to revoke. A plea of “true” to even one allegation in the
State’s motion is sufficient to support a judgment revoking community supervision. Cole
v. State, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); Lewis v. State, 195 S.W.3d 205, 209
(Tex.App.–San Antonio 2006, pet. denied).
          Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal from the
revocation, adjudication of guilt and sentence. We agree it presents no arguably
meritorious grounds for review. We grant counsel's motion to withdraw


 and affirm the
judgment of the trial court.
                                                                                      James T. Campbell

                                                                                               Justice

Do not publish.