NO. 07-02-0055-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 29, 2003

_____

ADOLFO BENJAMIN ROCHA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF DEAF SMITH COUNTY;

NO. 00-0136; HONORABLE TOM SIMONS, JUDGE

_____

Before JOHNSON, C.J., REAVIS, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

In this appeal, appellant Adolfo Benjamin Rocha challenges his driving while intoxicated conviction upon his plea of *nolo contendere.* His punishment was assessed

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

at 120 days confinement in the Deaf Smith County Jail, probated for 18 months, and a fine of $400. The appeal arises from the trial court's pretrial denial of appellant's motion to suppress evidence obtained as a result of a police stop which appellant contends was illegal. In a single issue, he asks us to determine if his detention by the police officer was in violation of his constitutional right against unreasonable searches and seizures. For reasons we later articulate, we affirm the judgment of the trial court.

The facts giving rise to appellant's arrest and prosecution are essentially undisputed. The evidence at the suppression hearing showed that after midnight on March 4, 2000, Texas Alcoholic Beverage Commission (TABC) Officers Jeffrey Keith Mann and Randy McCarthy were with Hereford Police Officer Rob Roach on patrol in Hereford. As they were driving west on State Highway 60 and approaching its intersection with FM Road 2856, the officers saw another driver run the intersection stop sign. Although the car in which the officers were riding was unmarked, it had emergency lights and they were used to stop the driver of the other car.

Officer Mann approached the driver of the other car and saw that she was "visibly upset," crying and shaking. He asked her what was wrong and, over appellant's hearsay objection,[2] was allowed to testify that a white van had been following her for several minutes, driving closely behind her, and pulled up beside her at stop signs where the

---

[2]The State's rejoinder to appellant's objection was that the testimony was admissible because it was an excited utterance within the purview of Rule of Evidence 803(2). We agree. *See Salley v. State,* 25 S.W.3d 878, 880-81 (Tex. App.--Houston [14th Dist.] 2000, no pet.).

occupants of the car yelled out the window at her. All of this made her afraid for her safety. That conversation was estimated to be some 20 to 30 seconds in length and, as Mann was speaking to the woman, a white van drove by, which she identified as the one that had been following her. Mann asked her to stay at the spot while he investigated the truth of her statements.

The officers returned to their car and pursued the van, which had accelerated to "quite a high rate of speed." The officers turned on their emergency lights and, in response, the van stopped. Officer McCarthy approached the driver's side of the van while the other officers stood on the passenger side. The van was occupied by three people with appellant in the driver's seat and two passengers in the back of the van. McCarthy asked appellant to get out of the van and, he said, as appellant did so, he "fell back against" the van. McCarthy averred that appellant "could . . . hardly walk" and emitted a strong odor of alcohol. The officer performed field sobriety tests, which included the horizontal gaze nystagmus test, walking, and standing on one leg. He concluded that each test indicated that appellant was intoxicated and, because of those results, arrested him for driving while intoxicated. When the officers returned to the location where the woman had been stopped, she was no longer there. The officers had not recorded her license plate number and could not identify her.

Appellant does not challenge McCarthy's probable cause to arrest him for driving while intoxicated after his stop. His challenge, rather, is directed at whether the stop itself, because it was solely based on the statements of an unidentified third person, was

3

permissible. He acknowledges that in pulling him over, the officers were conducting an investigatory detention and, if they had a reasonable suspicion of unusual activity related to a crime, the stop would have been permissible.

In his brief, appellant cites many of the cases discussing the factors to be considered in determining whether an officer has reasonable suspicion to justify a temporary detention. *See, e.g., U.S. v. Mendenhall,* 446 U.S. 544, 557, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980) (reasonableness is based upon the totality of the surrounding circumstances).

In his brief, appellant also discusses several cases in which it has been held that anonymous telephone tips were not sufficient to justify an arrest or detention. *See, e.g., Rojas v. State*, 797 S.W.2d 41, 43-44 (Tex. Crim. App. 1990); *Glass v. State*, 681 S.W.2d 599, 601 (Tex. Crim. App. 1984); *Reynolds v. State*, 962 S.W.2d 307, 311 (Tex. App.-- Houston [14th Dist.] 1998, pet. ref'd). However, in other instances, depending upon the facts, many anonymous telephone tips have been held sufficient to support investigatory detention. *See Alabama v. White,* 496 U.S. 325, 329, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); *Illinois v. Gates,* 462 U.S. 213, 241-42, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Mann v. State*, 525 S.W.2d 174, 176 (Tex. Crim. App. 1975).

In challenging the credibility of the unidentified driver, appellant argues that the facts here are similar to those before the courts holding anonymous tips insufficient to justify investigative stops. We need not engage in a detailed analysis of how those cases can

be distinguished from this one, because we find the holding of the Fort Worth Court of Appeals in *State v. Sailo*, 910 S.W.2d 184 (Tex. App--Fort Worth 1995, pet. ref'd) indistinguishable and dispositive here. In that case, while police officers were writing a traffic citation, the driver of a car approaching from the opposite direction "shouted excitedly" to the officers that he had seen a white Toyota pickup being driven erratically and he thought the driver of that car must be intoxicated. One of the officers directed the driver of the car to park nearby and wait for him. Soon thereafter, the officers saw a truck meeting the first driver's description. The officers stopped the truck, even though they had not seen the driver commit any traffic violations.

As they approached the truck driver, the officers noted a strong smell of alcohol and saw, in plain view, several beer cans. The driver was unsteady on his feet and his eyes were extremely bloodshot. The man was arrested as a result of his performance on field sobriety tests. The driver who initially told the police about the truck left the scene before the police had a chance to identify him. The trial court there sustained a motion to suppress, and the State appealed that decision to the Court of Appeals. In considering the appeal, and en route to reversing the trial court, the appellate court opined that the question for its decision was how much weight an officer may place upon a tip given in person from an unidentified informant. *Id*. at 188. After reviewing the factors to be considered, the court held that, unlike an anonymous telephone call, the information was provided by an informant in person who was driving a car from which, at the time of the information, his identity might easily have been traced and the information furnished by the informant was neither vague nor imprecise as to the time of the criminal activity nor the

5

crime committed, which increased the reliability of the information.  *Id.*  Thus, the court concluded, considering all the circumstances, the informant and the information was sufficiently reliable to justify the officers in making an investigatory stop.  *Id.* at 189.

As we noted, the facts before the Fort Worth court and those before us are well-nigh identical.  We agree with the reasoning of the Fort Worth court and hold it is applicable to the facts before us.  Accordingly, appellant's issue does not present reversible error, and it is overruled.

The judgment of the trial court is affirmed.


John T. Boyd
Senior Justice

Do not publish.

6