Opinion issued on May 15, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00173-CR




MARK ANTHONY RHODES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 893821




MEMORANDUM OPINION

          A jury found appellant, Mark Anthony Rhodes, guilty of robbery, and, after
finding two enhancement paragraphs true, assessed punishment at 35 years’
confinement. In a single issue, appellant argues that the evidence is legally
insufficient to support his conviction.
          We affirm.
Facts
          On March 3, 2001, appellant entered a Wal-Mart store and was observed by
Gail Christian, a store employee, putting a Phillips stereo into his shopping cart. 
Christian then observed appellant placing a pink sticker, used by Wal-Mart to identify
items that customers have brought in for return, on the stereo. 
          Appellant went to the cash register and paid for some of the items in his cart,
but did not pay for the stereo. Christian notified the other Wal-Mart employees with
her walkie-talkie that there was a theft in progress at the front of the store. Appellant
tried to leave the store, but was confronted by several Wal-Mart employees outside
of the store. The employees tried to stop appellant from leaving, but appellant
resisted their efforts and tried to push his way through them. As appellant was trying
to escape he ran into an 11-year-old girl and knocked her on the ground. The girl’s
father, Johnny Tunches, an off-duty sheriff’s deputy, grabbed onto appellant’s
clothing as he tried to run away. Appellant’s momentum carried Tunches with him,
and Tunches arm struck a pole as appellant tried to run away. Appellant then turned
around, faced Tunches, and punched him in the mouth. Tunches forced appellant to
the ground and handcuffed him. Tunches testified that, as a result of the altercation,
he received a “busted lip” and a swollen forearm. 
Discussion
          In his sole issue, appellant argues that the evidence was legally insufficient to
support his conviction because the State failed to prove that appellant caused bodily
injury to another, and also failed to prove that appellant struck Tunches with his hand.
          When reviewing the legal sufficiency of the evidence, we view the evidence
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
          A person commits the offense of robbery if, in the course of committing theft,
and with intent to obtain or maintain control of the property, he (1) intentionally,
knowingly, or recklessly causes bodily injury to another; or (2) intentionally or
knowingly threatens or places another in fear of imminent bodily injury or death. 
Tex. Pen. Code Ann. § 29.02 (Vernon 2003). 
          “Bodily injury” means physical pain, illness, or any impairment of physical
condition. Tex. Pen. Code Ann. § 1.07(a)(8) (Vernon 1993). This definition is
purposefully broad and encompasses “even relatively minor physical contacts so long
as they constitute more than offensive touching.” Lane v. State, 763 S.W.2d 785, 786
(Tex. Crim. App. 1989); Salley v. State, 25 S.W.3d 878, 881 (Tex. App.—Houston
[14th Dist.] 2000, no pet.) 
          At trial, Tunches testified that, as he grabbed onto appellant to stop him from
escaping, appellant continued to run and that, as a result, Tunches’s arm struck a pole. 
Tunches further testified that appellant punched him in the face when he could not
escape, and that, as a result of the altercation, he received a “busted lip,” and a
swollen forearm. This testimony constitutes some evidence that appellant punched
Tunches in the face and caused him bodily injury. See Lane, 763 S.W.2d at 786. 
Accordingly, we hold that the evidence is legally sufficient to support appellant’s
conviction.
          We overrule appellant’s sole issue.
Conclusion
We affirm the trial court’s judgment.
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).