NO. 07-08-0126-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 31, 2008
______________________________

IN RE CITY OF LUBBOCK, TEXAS, RELATOR 
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
OPINION
          Relator, the City of Lubbock, Texas, has filed a petition for writ of mandamus asking 
that we direct the respondent trial court judge to vacate a “gag order” signed on December
7, 2007, in a case pending before the trial court. We will deny relator’s petition.
          On December 7, 2007, respondent sua sponte issued an order barring the parties
from communicating with media outlets about the underlying case during its pendency. On
March 13, 2008, relator filed a motion in the trial court requesting vacation of the December
7 order. The motion contains an “arguments and authorities section” through which relator
presents the same constitutional argument it intends this Court to consider in support of
its petition for writ of mandamus. The trial court has scheduled an April 4, 2008, hearing
of relator’s motion to vacate. Relator filed its petition for writ of mandamus with this Court
on March 26 and accompanied it with a request for expedited hearing.
          Mandamus is an extraordinary writ that will not issue to resolve disputes that may
be addressed by other remedies. Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684
(Tex. 1989) (orig. proceeding). Mandamus is not available when the relator possesses an
adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig.
proceeding). Our Supreme Court has noted that the term “adequate” in this context “has
no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential
considerations that determine when appellate courts will use original mandamus
proceedings to review the actions of lower courts.” In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 136 (Tex. 2004).  
          As noted, relator’s petition states that the trial court will hear relator’s March 13
motion for vacation of the court’s December 7 order on April 4. Although relator seeks an
expedited hearing of its petition in this Court, nothing in its petition suggests that any
circumstance facing the parties will change between now and April 4. Relator has not
asked for temporary relief. Tex. R. App. P. 52.10. As noted also, the record before us
indicates relator will present to the trial court the same contentions on the merits of its
motion it is presenting to us. Moreover, no response to relator’s petition has been filed. 
Under the Rules of Appellate Procedure applicable to original proceedings, were we to find
mandamus relief appropriate, we would be unable in any event to grant relator the relief
it requests without requesting a response. Tex. R. App. P. 52.4, 52.8(b). And, were we
to request a response in this case, we would not expect it to be filed before April 4. 
          Given the “jurisprudential considerations” described, we find relator possesses an
adequate remedy at law by pursuing its motion set for hearing before the trial court on April
4. Prudential, 148 S.W.3d at 136. Accordingly, relator’s motion for oral argument, and
relator’s petition for writ of mandamus, are denied.
 
                                                                        Per Curiam



ht" and "very scared." That same day, the investigator
who spoke with Ruby and took her statement described her as "nervous," "disheveled," "a
little nervous," "a little shaky," and "scared" at the time. So, because it was given soon
after the assault occurred and while Ruby continued to experience the emotional effects
of the attack, the written statement (which Ruby tried to recant at trial) can reasonably be
viewed as an excited utterance. See Tex. R. Evid. 803(2) (defining an excited utterance
as a statement relating to a startling event or condition made while the declarant was under
the stress of the excitement caused by the event or condition); Salley v. State, 25 S.W.3d
878, 880-81 (Tex. App.-Houston [14th Dist.] 2000, no pet.) (holding that the statement, if
made while still in the grip of emotion, excitement, fear or pain, is admissible even after an
appreciable time had elapsed between the exciting event and the utterance). Being an
excited utterance, it was admissible free of any limiting instruction despite its supposed
hearsay nature. Tex. R. Evid. 803(2). This is of import because its content, especially that
pertaining to appellant's attempt at suffocation, was redundant of Wong's comment about
choking. The two terms being synonymous under the circumstances before us (as we
concluded above), we cannot say that defense counsel's failure to request an instruction
directing the jury to consider Wong's comments solely for impeachment purposes harmed
appellant. In other words, the circumstances of record do not create a reasonable
probability that but for the purported error the result would have differed. See Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (so defining the prejudice needed to
support a claim of ineffective assistance). 

 Having overruled each issue, we affirm the judgment of the trial court.


 Brian Quinn 

 Chief Justice

 

Do not publish.
1. At trial, Ruby testified she did not know who Nurse Wong was and did not remember saying that.