Affirmed and Memorandum Opinion filed June 30, 2009








Affirmed and Memorandum Opinion filed June 30, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00407-CR

_______________

 

SHANE LATRELLE SAM, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 1095112 

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N








Appellant,
Shane Latrelle Sam, was convicted of the felony offense of violating a
protective order by assaulting the complainant.  See Tex. Penal
Code Ann. ' 25.07 (Vernon Supp. 2008).  He was sentenced to five years= confinement.  On appeal, he presents
three issues for our review.  In the first issue, appellant challenges the
factual and legal sufficiency of the evidence as to one of the essential
elements of the alleged crime.  In his second issue, he claims the trial court
erred in admitting evidence of his prior convictions for violations of a
protective order.  In his third issue, appellant challenges the effectiveness
of his trial counsel.  Finding no reversible error, we affirm.

Background

On
December 3, 2004, the complainant, Joanna Sam, obtained a protective order
against appellant.  The order restricted appellant from committing family
violence against the complainant, communicating directly with her, or going
near her residence or place of employment.

However,
on December 2, 2006, while the protective order was still in place, appellant
entered the complainant=s home where he hid in her utility room until she arrived
home from work.  He then confronted her, grabbed her by her shirt, and held a
butcher knife to her neck.  Although the knife did not break the skin, the
complainant testified that appellant maintained a tight grip on her, and that
she was unable to breathe during the attack.

Based on
the attack that took place on December 2, 2006, appellant was charged by
indictment with (1) aggravated assault and (2) violation of a protective order
by assaulting the complainant.  He pleaded Anot guilty@ to both offenses.  After hearing the
evidence, the jury acquitted appellant of aggravated assault but convicted him
of violating the protective order.  On appeal, appellant asks that we reverse
his conviction for violation of a protective order, and that we remand for a
new trial.

Analysis 

A.  Legal and
Factual Sufficiency 

In his
first issue, appellant contends the evidence is legally and factually
insufficient to support the conviction.  Specifically, he argues that the
evidence is insufficient to establish that he assaulted the complainant in
violation of the protective order because he claims there is no evidence that
she actually suffered bodily injury, a necessary element of assault.  








1.         Standard of Review

The
standards of review for legal and factual sufficiency are well-known.  In evaluating a
legal sufficiency claim attacking a jury=s finding of
guilt, we must view the evidence in the light most favorable to the verdict.  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  We do not ask whether
we believe the evidence at trial established guilt beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318B19 (1979). 
Rather, we determine only whether a rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Cardenas v.
State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000) (emphasis added).  

When conducting a
factual sufficiency review, we review the evidence in a neutral light.  Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We determine (1)
whether the evidence introduced to support the verdict is Aso weak@ that the fact
finder=s verdict seems Aclearly wrong and
manifestly unjust,@ or (2) whether, considering conflicting
evidence, the fact finder=s verdict is nevertheless against the
great weight and preponderance of the evidence.  Id. at 414B15.  Here,
appellant claims the evidence that the complainant suffered bodily injury is so
weak that it undermines confidence in the jury=s determination.  See
Zuliani v. State, 97 S.W.3d 589, 593B94 (Tex. Crim.
App. 2003).    

A person commits
assault if he intentionally, knowingly, or recklessly causes bodily injury to
another.  See Tex. Penal Code Ann. ' 22 .01(a)(1)
(Vernon Supp. 2008). ABodily injury@ is defined as Aphysical pain,
illness, or any impairment of physical condition.@  Tex. Penal Code
Ann. ' 1.07 (Vernon
Supp. 2008).  This definition is
purposefully broad and encompasses even relatively
minor physical contacts
so long as they constitute more
than mere offensive touching.  Salley v. State, 25 S.W.3d 878, 881 (Tex.
App.CHouston [14th
Dist.] 2000, no pet.) (citing Lane v. State, 763 S.W.2d 785, 786 (Tex.
Crim. App. 1989)).

 

 








2.       Application to Facts

Having reviewed
the record, we conclude that the evidence is legally and factually sufficient
to support the finding that the complainant suffered bodily injury as a result
of appellant=s attack.  Specifically, the complainant testified
that appellant held her by her shirt and that she could not breathe.  She also
testified that appellant held a butcher knife to her throat, which she
demonstrated for the jury.  When the prosecutor asked the complainant if
appellant=s actions caused her pain, she responded
affirmatively. 

The jury is the
sole judge of the weight and credibility of witness testimony.  See Vasquez
v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).  Due deference must be
given to the determinations concerning the weight and credibility of the
evidence, and reversal of those determinations is only appropriate to prevent
the occurrence of a manifest injustice.  Martinez v. State, 129 S.W.3d
101, 106 (Tex. Crim. App. 2004).  We must presume that any conflicting
inferences from the evidence were resolved by the jury in favor of the
prosecution, and we defer to that resolution.  Jackson, 443 U.S. at 326.

In arguing
insufficiency, appellant argues that the complainant Asuffered no
bruises, cuts, or other marks.@  However, this court has held that a
complainant=s testimony that she suffered pain is sufficient to
prove bodily injury.  Letson v. State, 805 S.W.2d 801, 806-07 (Tex. App.CHouston [14th
Dist.] 1990, no pet.).  Accordingly, we conclude that a rational jury could
have found that the complainant suffered bodily injury and the evidence
supporting that determination is not Aso weak@ that it renders
the verdict Aclearly wrong and manifestly unjust.@  See Watson,
204 S.W.3d at 414B15.  Therefore, we overrule appellant=s first issue. 

B.  Admission of
Extraneous Offenses 








Appellant=s second issue
arises from the admission of evidence that appellant was also separately
convicted for another violation of the 2004 protective order and for violating
an earlier protective order in 2003.  Generally, appellant contends the trial
court abused its discretion by admitting evidence of both violations.[1] 
However, because the same evidence was admitted elsewhere without objection, we
find no reversible error.

It is well
established that the improper admission of evidence does not constitute
reversible error if the same facts are shown by other evidence which is not
challenged.  Leday v. State, 983 S.W.2d 713,
717 (Tex. Crim. App. 1998).  Here, the evidence in controversy was admitted
without objection[2]
by way of the 2004 protective order and the testimony of Deputy Steve Mateo. 
Accordingly, we hold the trial court=s admission of the
complainant=s testimony regarding the 2003 and 2006 violations was
not reversible error.  See id.  Appellant=s second issue is
overruled. 

C.  Ineffective Assistance of Counsel








In the third issue, appellant claims
he received ineffective assistance of counsel because his attorney, among other
things, failed to object to evidence of his convictions for other violations of
protective orders.  In reviewing this issue, we apply the usual two-pronged
test to ineffective-assistance claims.  See Strickland v. Washington,
466 U.S. 668, 687 (1984).  First, appellant must prove that counsel=s performance was
deficient, that is, that his representation fell below an objective standard of
reasonableness.  See id. at 687B88.  Second,
appellant must show that counsel=s deficient
performance prejudiced his defense.  See id. at 687.  This latter
element requires appellant to demonstrate a reasonable probability that, but
for the allegedly deficient representation, the result of the proceeding would
have been different.  See id. at 694.  Appellant bears the burden of
proving ineffective assistance by a preponderance of the evidence.  See
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In this case, appellant contends his
trial counsel was ineffective for three reasons: (1) she failed to object to
the admission of appellant=s 2006 conviction under Rule 403 of the Texas Rules of
Evidence; (2) she failed to request that a limiting instruction be given to the
jury at the time evidence of the extraneous offenses was admitted; and (3) she
failed to object to the broad limiting instruction included in the jury charge
and to request a more specific instruction. 

Under current law, our scrutiny of
counsel=s performance must be deferential,
and we are to presume that trial counsel rendered effective assistance.  See
Strickland, 466 U.S. at 689; Mallett v. State, 65 S.W.3d 59, 63
(Tex. Crim. App. 2001).  Therefore, appellant must overcome the strong
presumption that, under the circumstances, his attorney=s actions might be considered sound
trial strategy.  See Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim.
App. 2005).  Here, we conclude that appellant has not carried that burden.








The record is silent with regard to
trial counsel=s reasons for not making a Rule 403 objection to the 2006 conviction and
not requesting a specific limiting instruction.  On such a record,
we cannot determine that counsel provided ineffective
assistance unless the challenged conduct was Aso outrageous that
no competent attorney would have engaged in it.@  Goodspeed v.
State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  Here, we cannot conclude that no
competent attorney would have acted as appellant=s counsel did, because there may be
strategic reasons for her decisions.  For example, appellant=s counsel may have decided that the
likelihood of success (and its potential strategic benefits) were outweighed 
by the potential of drawing substantial jury attention to the extraneous
offenses.  See Webb v. State, 995 S.W.2d 295, 301 (Tex. App.CHouston [14th
Dist.] 1999, no pet.);
Duren
v. State, 87 S.W.3d 719, 734 (Tex. App.CTexarkana 2002,
pet. struck).  Thus,
because the record does not compel a conclusion that counsel was ineffective,
appellant has failed to rebut the presumption of effective representation.  See Perez v. State, 56 S.W.3d 727,
731B32 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d).  Therefore, we overrule appellant=s third issue. 

Conclusion

Accordingly, the judgment of the
trial court is affirmed.

 

 

 

/s/        Kent C. Sullivan

Justice

 

Panel consists of Justices Yates,
Guzman, and Sullivan.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]           We review a trial court=s evidentiary rulings for an abuse of discretion.  Martin
v. State, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005).  A trial court abuses
its discretion when it acts arbitrarily or unreasonably, or when its decision
lies outside the zone of reasonable disagreement.  See Manning v. State,
114 S.W.3d 922, 926 (Tex. Crim. App. 2003); Green v. State, 934 S.W.2d
92, 101B02 (Tex. Crim. App. 1996).





[2]           Appellant objected to the authenticity of
the protective order but lodged no objection on the basis of relevance or
unfair prejudice.  See Nino v. State, 223 S.W.3d 749, 755 (Tex. App.CHouston [14th Dist.] 2007, no pet.) (concluding
defendant did not preserve relevancy and unfair-prejudice challenges by failing
to object on those grounds).