Affirmed and Memorandum Opinion filed January 21, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-00816-CR



 

Leonardo Terriquez, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1118368



 

MEMORANDUM  OPINION

 

A jury found Leonardo Terriquez guilty of assault of
a public servant; the trial court sentenced appellant to 25 years’
confinement.  In his sole issue on appeal, appellant argues that the evidence
is factually insufficient to support his conviction for assault of a public
servant.    We affirm.

Background

            At about 2 a.m.
on May 26, 2007, Deputy San Miguel and Deputy Soto finished their shift.  As the
deputies exited their office building, they saw appellant in the parking lot. 
Appellant appeared to be attempting to open one of the police cars parked in the
lot.  The parking lot was well lit, and the deputies had a clear view of
appellant.  Deputy San Miguel and Deputy Soto both were wearing their uniforms
and asked appellant what he was doing.  Appellant seemed startled, put his hands
up, turned around, denied doing anything, and proceeded to walk away from the deputies.

            The deputies identified
themselves and asked appellant several times to stop in order to question him,
but appellant continued to walk away.  When the deputies asked appellant where
he was going, he responded by cursing at them and proceeded to run away.  The deputies
chased appellant and instructed him to stop several times.  When the deputies
caught up with appellant, they identified themselves and instructed appellant
“to get on the ground face down.”

            Appellant started
to comply but then swung his right arm and struck Deputy San Miguel’s left
cheek with his fist.  Deputy San Miguel grabbed appellant and they continued to
struggle on the ground.  Appellant continued cursing, swinging his arms, and
kicking Deputy San Miguel’s body.  As Deputy San Miguel tried to subdue him,
appellant continued to fight.  After the deputies warned appellant that they
would use pepper spray on him if he did not stop, appellant continued fighting,
and Deputy Soto sprayed appellant with pepper spray.

            The deputies
placed appellant on the bumper of a police car to wipe the pepper spray off;
however, appellant cursed and proceeded to run away.  Deputy San Miguel grabbed
appellant, washed him, and placed him in the back of a police car.  Appellant
then started kicking out the window of the police car.  There were no further
incidents after Deputy San Miguel warned appellant that he would use pepper
spray on him again if he did not stop.

            At trial, Deputy
San Miguel testified that he felt pain on the cheek when appellant struck him. 
Deputy San Miguel also testified that he could not recall how many times
appellant struck his body during the struggle, but he stated that he suffered
“a couple cuts on the fingers, minor bruising [on the] arm and whatnot.”  The
State also introduced pictures Deputy San Miguel’s wife took of his bruises
after the struggle. 

The jury found appellant guilty of assault of a
public servant, and the trial court sentenced appellant to 25 years’
confinement.  

Analysis

In his sole issue on appeal, appellant contends that
the evidence is factually insufficient to support his conviction for assault of
a public servant.

When conducting a factual sufficiency review, an
appellate court must determine (1) whether the evidence introduced to support
the verdict is “so weak” that the fact finder’s verdict seems “clearly wrong
and manifestly unjust,” and (2) whether, considering conflicting evidence, the
fact finder’s verdict is nevertheless against the great weight and
preponderance of the evidence.  Watson v. State, 204 S.W.3d 404, 414-15
(Tex. Crim. App. 2006).  We view the evidence in a neutral light in a factual
sufficiency review.  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)
(en banc).

In order to declare that an evidentiary conflict
justifies a new trial, an appellate court must rely on some objective basis in
the record demonstrating that the great weight and preponderance of the
evidence contradicts the jury’s verdict.  See Lancon v. State,
253 S.W.3d 699, 706-07 (Tex. Crim. App. 2008).  An appellate court should not
intrude upon the fact finder’s role as the sole judge of the weight and
credibility of witness testimony.  Vasquez v. State, 67 S.W.3d 229, 236
(Tex. Crim. App. 2002).  The fact finder may choose to believe or disbelieve
any portion of the testimony presented at trial. Bargas v. State, 252
S.W.3d 876, 887 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (en banc)); see Lancon,
253 S.W.3d at 707.  

A person commits an assault of a public servant when
he intentionally, knowingly, or recklessly causes bodily injury to another
person the actor knows is a public servant while the public servant is lawfully
discharging an official duty.  See Tex. Pen. Code Ann. § 22.01(b)(1)
(Vernon Supp. 2009).  “Bodily injury” is defined as “physical pain, illness, or
any impairment of physical condition.”  Tex. Penal Code Ann. § 1.07(a)(8)
(Vernon Supp. 2009).  “This definition is purposefully broad and seems to
encompass even relatively minor physical contacts so long as they constitute
more than mere offensive touching.”  Salley v. State, 25 S.W.3d 878, 881
(Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing Lane v. State,
763 S.W.2d 785, 786 (Tex. Crim. App. 1989) (en banc)).  “The existence of a
cut, bruise, or scrape on the body is sufficient evidence of physical pain
necessary to establish ‘bodily injury’ within the meaning of the statute.”  Arzaga
v. State, 86 S.W.3d 767, 778 (Tex. App.—El Paso 2002, no pet.) (citing Bolton
v. State, 619 S.W.2d 166, 167 (Tex. Crim. App. 1981) (en banc) (evidence of
cut on arm sufficient to show bodily injury)).   

Appellant contends that the evidence is factually
insufficient to support his conviction for assault of a public servant, and
specifically argues that the evidence is factually insufficient to prove that
Deputy San Miguel suffered bodily injury.  Appellant claims that Deputy San
Miguel (1) “suffered little if any bruising[;]” (2) “took no pictures of his
alleged injury[;]” and (3) claimed to have suffered only “‘pain,’ aside from
some minor cuts.”  “On the other side,” appellant claims that the evidence
showed he “had a deformed and scarred hand which was shaky, and thus would have
been most likely unable to inflict the alleged injuries.” 

Deputy San Miguel testified that he felt pain when
appellant struck him on the cheek.  Bodily injury includes physical pain.  Tex.
Penal Code Ann. § 1.07(a)(8).  He also testified that, although he could not
recall how many times appellant struck his body during the struggle, he had
cuts on his fingers and minor bruising on his “arm and whatnot” after the
struggle.  At trial, the State also introduced pictures of Deputy San Miguel’s
bruised shoulder and arm. 

Although appellant claims that he “would have been
most likely unable to inflict the alleged injuries” because he “had a deformed
and scarred hand which was shaky,” no evidence was presented at trial that
appellant’s hand was incapable of causing bodily injury.  Further, the jury was
in the best position to judge the credibility of the witnesses and weigh
conflicts in the evidence.  See Lancon, 253 S.W.3d at 705.  Viewing the
evidence in a neutral light, we conclude the evidence is factually sufficient
to support appellant’s conviction for assault of a public servant; the jury’s
finding is neither clearly wrong nor manifestly unjust.  Accordingly, we
overrule appellant’s sole issue.

Conclusion

            The
judgment of the trial court is affirmed.

 








                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Boyce.

Do Not
Publish — Tex. R. App. P. 47.2(b).